| | |
|---|---|
| 1 | |
| 2 | |
| 3 | |
| 4 | |
| 5 | |
| 6 | |
| 7 | |

## UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| DAVID MALDONADO URRABAZO, | ) | Case No.: 1:19-cv-0248 - JLT |
| | ) | |
| Plaintiff, | ) | ORDER REMANDING THE ACTION PURSUANT |
| | ) | TO SENTENCE FOUR OF 42 U.S.C. § 405(g) |
| v. | ) | |
| | ) | ORDER DIRECTING ENTRY OF JUDGMENT IN |
| COMMISSIONER OF SOCIAL SECURITY, | ) | FAVOR OF PLAINTIFF DAVID MALDONADO |
| | ) | URRABAZO AND AGAINST DEFENDANT, THE |
| Defendant. | ) | COMMISSIONER OF SOCIAL SECURITY |
| | ) | |
| | ) | |

David Maldonado Urrabazo asserts he is entitled to a period of disability, disability insurance benefits, and supplemental security income under Titles II and XVI of the Social Security Act. Plaintiff argues the administrative law judge erred in evaluating his subjective statements and determining the date he became disabled. For the reasons set forth below, the matter is **REMANDED** for further proceedings pursuant to sentence four of 42 U.S.C. § 405(g).

## **BACKGROUND**

In January 2011, Plaintiff filed his applications for benefits, alleging disability due to right knee pain, arthritis, an ACL tear, degeneration, and spurring; left knee pain; and a learning disability. (Doc. 8-6 at 2-16; Doc. 8-7 at 3) The Social Security Administration denied the applications at the initial level and upon reconsideration. (*See generally* Doc. 8-4; Doc. 8-5 at 2-16) Plaintiff requested an administrative hearing and testified before an ALJ on October 30, 2012. (*See* Doc. 8-3 at 18, 37) The ALJ determined Plaintiff was not disabled and issued an order denying benefits on November 9, 2012.

(*Id.* at 18-28)  Plaintiff requested review of the decision with the Appeals Council, which denied the request on December 31, 2013.  (*Id.* at 2-5)  Therefore, the ALJ's determination became the final decision of the Commissioner of Social Security.

Plaintiff sought judicial review by filing a complaint on March 5, 2014, thereby initiating Case No. 1:14-cv-00309-SKO.  (Doc. 8-15 at 27, 31-33)  The Court found the ALJ erred in evaluating the medical record, including the opinion of Plaintiff's treating physician.  (*Id.* at 61-65)  Therefore, the Court remanded the matter "for renewed consideration" of the physician's opinion.  (*Id.* at 74)  On August 27, 2015, "the Appeals Council vacate[d] the final decision of the Commissioner of Social Security and remand[ed] the case to an Administrative Law Judge for further proceedings consistent with the order of the Court."  (*Id.* at 79)

Plaintiff testified at a second administrative hearing on March 3, 2016.  (Doc. 8-14 at 59)  The ALJ issued a "partially favorable decision" on July 26, 2016.  (*Id.* at 19)  The ALJ found Plaintiff "was not under a disability … at any time through December 31, 2013, the date last insured," but became disabled on December 22, 2015.  (*Id.* at 35-36)  Plaintiff submitted exceptions to the ALJ's decision on August 16, 2016.  (Doc. 8-16 at 44-46)

On January 27, 2017, the Appeals Council found the decision from the ALJ complied with the remand order from the Court.  (Doc. 8-14 at 13)  In addition, the Appeals Council considered Plaintiff's exceptions and found "they do not raise any significant issues that warrant the Appeals Council to accept jurisdiction."  (*Id.*)  Therefore, the decision of the ALJ became the final determination of the Commissioner of Social Security.  Plaintiff requested an extension of time to file a civil action, and the Appeals Council granted the request on January 16, 2019.  (*Id.* at 3)

**STANDARD OF REVIEW**

District courts have a limited scope of judicial review for disability claims after a decision by the Commissioner to deny benefits under the Social Security Act.  When reviewing findings of fact, such as whether a claimant was disabled, the Court must determine whether the Commissioner's decision is supported by substantial evidence or is based on legal error.  42 U.S.C. § 405(g).  The ALJ's determination that the claimant is not disabled must be upheld by the Court if the proper legal standards were applied and the findings are supported by substantial evidence.  *See Sanchez v. Sec'y of*

*Health & Human Serv.*, 812 F.2d 509, 510 (9th Cir. 1987).

Substantial evidence is "more than a mere scintilla. It means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson v. Perales*, 402 U.S. 389, 401 (1971) (quoting *Consol. Edison Co. v. NLRB*, 305 U.S. 197 (1938)). The record as a whole must be considered, because "[t]he court must consider both evidence that supports and evidence that detracts from the ALJ's conclusion." *Jones v. Heckler*, 760 F.2d 993, 995 (9th Cir. 1985).

## DISABILITY BENEFITS

To qualify for benefits under the Social Security Act, Plaintiff must establish she is unable to engage in substantial gainful activity due to a medically determinable physical or mental impairment that has lasted or can be expected to last for a continuous period of not less than 12 months. 42 U.S.C. § 1382c(a)(3)(A). An individual shall be considered to have a disability only if:

> his physical or mental impairment or impairments are of such severity that he is not only unable to do his previous work, but cannot, considering his age, education, and work experience, engage in any other kind of substantial gainful work which exists in the national economy, regardless of whether such work exists in the immediate area in which he lives, or whether a specific job vacancy exists for him, or whether he would be hired if he applied for work.

42 U.S.C. § 1382c(a)(3)(B). The burden of proof is on a claimant to establish disability. *Terry v. Sullivan*, 903 F.2d 1273, 1275 (9th Cir. 1990). If a claimant establishes a prima facie case of disability, the burden shifts to the Commissioner to prove the claimant is able to engage in other substantial gainful employment. *Maounis v. Heckler*, 738 F.2d 1032, 1034 (9th Cir. 1984).

## ADMINISTRATIVE DETERMINATION

To achieve uniform decisions, the Commissioner established a sequential five-step process for evaluating a claimant's alleged disability. 20 C.F.R. §§ 404.1520(a)(4), 416.920(a)(4). The process requires the ALJ to determine whether Plaintiff (1) is engaged substantial gainful activity, (2) had medically determinable severe impairments (3) that met or equaled one of the listed impairments set forth in 20 C.F.R. § 404, Subpart P, Appendix 1; and whether Plaintiff (4) had the residual functional capacity to perform to past relevant work or (5) the ability to perform other work existing in significant numbers at the state and national level. *Id.* The ALJ must consider testimonial and objective medical evidence. 20 C.F.R. §§ 404.1527, 416.927.

Pursuant to this five-step process, the ALJ determined Plaintiff had not engaged in substantial gainful activity since the alleged onset date of September 11, 2010.  (Doc. 8-14 at 26)  Second, the ALJ found Plaintiff's severe impairments included: "right knee degenerative joint disease; chondromalcia patella status post arthroscopic surgery; lumbar degenerative joint disease; bilateral hip bursitis; left hip chondral labral separation; anterior cruciate ligament … reconstruction and lateral meniscectomy; obesity; depression; anxiety; and a learning disorder." (*Id.*)  At step three, the ALJ opined Plaintiff's impairments did not meet or medically equal a Listing.  (*Id.* at 26-27)  Next, the ALJ determined:

> [P]rior to December 22, 2015, the date the claimant became disabled, the claimant had the residual functional capacity to lift and carry up to 20 pounds occasionally and 10 pounds frequently, and sit, stand and walk 6-8 hours in an 8-hour workday. He was capable of occasionally stooping, crouching, crawling, climbing, kneeling and balancing. The claimant was precluded from climbing ladders, ropes, or scaffolds, working at unprotected heights or on uneven terrain. Additionally, he was limited to simple routine tasks.
> …
> [B]eginning on December 22, 2015, the claimant has the residual functional capacity to lift and carry up to 20 pounds occasionally and 10 pounds frequently, and sit 6 to 8 hours in an 8-hour workday, and stand and walk 2 hours in an 8-hour workday. He could occasionally balancing, stooping, kneeling, crouching and crawling. The claimant is precluded from climbing ladders, ropes, or scaffolds, working at heights, or on uneven terrain. Additionally, he is limited to simple routine tasks.

(*Id.* at 27, 33)

With these residual functional capacities, the ALJ found "there were jobs that existed in significant numbers in the national economy that the claimant could have performed" prior to December 22, 2015.  (Doc. 8-14 at 34) The ALJ determined there were no jobs that Plaintiff could perform in significant numbers in the national economy after that date.  (*Id.* at 35)  Therefore, the ALJ concluded Plaintiff became disabled on December 22, 2015, and "continued to be disabled through the date of [the] decision.  (*Id.*)  Thus, Plaintiff was entitled to supplemental security income, but not a period of disability and disability insurance benefits, because his disability began after his date last insured of December 31, 2013.  (*Id.* at 35-26)

## DISCUSSION AND ANALYSIS

Plaintiff argues the ALJ erred in rejecting portions of Plaintiff's testimony regarding his physical limitations.  (Doc. 13 at 7-13)  In addition, Plaintiff contends the ALJ erred in determining the onset date of Plaintiff's disability because she did not call a medical expert.  (*Id.* at 13-16)  On the

4

other hand, the Commissioner argues the administrative decision because "the ALJ properly assessed Plaintiff's subjective testimony" and was not required to call a medical expert. (Doc. 19 at 5-9, emphasis omitted)

### A.     Evaluation of Plaintiff's Subjective Statements

In 2012, Plaintiff testified that he was "constantly in pain" with his right knee, on which he had an ACL repair. (Doc. 8-3 at 40, 43) Plaintiff said his left knee was also "aching really bad like the right one started to," and the doctors told him it was "just wear and tear." (*Id.* at 45) He stated that on a typical day, he would "take the kids to the bus stop" and when he returned home would "pickup up a little bit, do a couple loads of laundry and just relax." (*Id.* at 40) Plaintiff said he elevated his leg "four times a day," for about thirty minutes each time. (*Id.* at 40, 45-46) He estimated that he could lift and carry about 25 pounds, sit for 30 minutes, and walk "less than a block" at one time. (*Id.* at 47-48)

At the hearing upon remand in 2016, Plaintiff testified that he continued to have "constant pain," in his right knee, which he described as "throbbing numbness going down to the bottom of [his] foot." (Doc. 8-14 at 69) He reported that he received injections for the pain, including the day before the hearing, and was informed that he needed knee replacement surgery. (*Id.*) Plaintiff said he also had pain in his low back and hip, and was told the day before that he was "going to need surgery because [he] got a tear" in his hip (*Id.* at 70-72) Plaintiff estimated that he could lift and carry "[a]bout 25, 30 pounds," sit for about forty minutes before he needed to stand, and stand for "[a]bout the same" period. (*Id.* at 73-74) He reported he could not bend over or squat to pick up items from the floor and climbing stairs was "very hard." (*Id.* at 74) Plaintiff again stated he elevated his leg "three or four times a day" for "about 30, 40 minutes" each time. (*Id.* at 70)

#### 1.     Standards for reviewing a claimant's statements

In evaluating a claimant's statements regarding the severity of his symptoms, an ALJ must determine first whether objective medical evidence shows an underlying impairment "which could reasonably be expected to produce the pain or other symptoms alleged." *Lingenfelter v. Astrue*, 504 F.3d 1028, 1035-36 (9th Cir. 2007) (quoting *Bunnell v. Sullivan*, 947 F.2d 341, 344 (9th Cir. 1991)). Second, if there is no evidence of malingering, the ALJ must make specific findings as to the claimant's credibility by setting forth clear and convincing reasons for rejecting his subjective

complaints. *Id.* at 1036.

If there is objective medical evidence of an impairment, an ALJ may not discredit a claimant's testimony as to the severity of symptoms merely because it is unsupported by objective medical evidence. *See Bunnell v. Sullivan*, 947 F.2d 341, 347-48 (9th Cir. 1991). The Ninth Circuit explained:

> The claimant need not produce objective medical evidence of the [symptom] itself, or the severity thereof. Nor must the claimant produce objective medical evidence of the causal relationship between the medically determinable impairment and the symptom. By requiring that the medical impairment "could reasonably be expected to produce" pain or another symptom, the *Cotton* test requires only that the causal relationship be a reasonable inference, not a medically proven phenomenon.

*Smolen v. Chater* 80 F.3d 1273, 1282 (9th Cir. 1996) (referring to the test established in *Cotton*, 799 F.2d 1403). Further, an ALJ is directed to identify "specific reasons for the weight given to the individual's symptoms," in a manner such that the claimant "and any subsequent reviewer can assess how the adjudicator evaluated the individual's symptoms." Social Security Ruling[1] 16-3p, 2017 WL 5180304 (2017); *see also Moisa v. Barnhart,* 367 F.3d 882, 885 (9th Cir. 2004) ("findings "must be sufficiently specific to allow a reviewing court to conclude the ALJ rejected the claimant's testimony on permissible grounds and did not arbitrarily discredit the claimant's testimony").

An ALJ may consider additional factors to assess a claimant's statements including, for example: (1) the claimant's reputation for truthfulness, (2) inconsistencies in testimony or between testimony and conduct, (3) the claimant's daily activities, (4) an unexplained, or inadequately explained, failure to seek treatment or follow a prescribed course of treatment, and (5) testimony from physicians concerning the nature, severity, and effect of the symptoms of reported by a claimant. *Fair v. Bowen*, 885 F.2d 597, 603 (9th Cir. 1989); *see also Thomas v. Barnhart*, 278 F.3d 947, 958-59 (9th Cir. 2002) (an ALJ may consider a claimant's reputation for truthfulness, inconsistencies between a claimant's testimony and conduct, and a claimant's daily activities).

2.   The ALJ's analysis of Plaintiff's statements

In reviewing Plaintiff's statements regarding his impairments and the severity of his symptoms, the ALJ observed:

---

[1] Social Security Rulings (SSRs) are "final opinions and orders and statements of policy and interpretations" issued by the Commissioner. 20 C.F.R. § 402.35(b)(1). The Ninth Circuit gives the Rulings deference "unless they are plainly erroneous or inconsistent with the Act or regulations." *Han v. Bowen*, 882 F.2d 1453, 1457 (9th Cir. 1989).

> The claimant testified he was able to take care of his personal needs do laundry and light shopping. He estimated he could lift and carry 25 to 30 pounds, was unable to walk even a half a block, and found it difficult to climb stairs. The claimant said he had injections, which provided very little relief. He testified his back pain was constant.
>
> The claimant's testimony was generally believable and was used in arriving at this decision.
>
> After careful consideration of the evidence, I find that the claimant's medically determinable impairments could reasonably be expected to cause the alleged symptoms; however, the claimant's statements concerning the intensity, persistence and limiting effects of these symptoms are not fully supported prior to December 22, 2015, for the reasons explained in this decision.
>
> The claimant's musculoskeletal [i]mpairments had been generally been corrected with surgery. Although the claimant experienced depression and anxiety it had been described as situational.  The record reflects that the claimant had indicated psychotropic medication helped. Although the claimant had alleged some learning disabilities these have not prevented him from being fully employed in the past. In fact[,] the claimant has a good work history up until the time he alleges he became disabled (Exhibit 4D). In sum, the above residual functional capacity assessment is supported by the objective medical evidence.

(Doc. 8-14 at 33)

Plaintiff contends the ALJ's evaluation of his symptoms was flawed because the record does not support the ALJ's conclusion that knee surgery corrected his impairment. (Doc. 13 at 11-12)  Further, Plaintiff contends the record shows "a period between September 11, 2010, and some time after the surgery of July 2, 2012, in which Urrabazo did not benefit from surgery." (*Id.* at 11)

3. Purported conflict with the medical record

In general, "conflicts between a [claimant's] testimony of subjective complaints and the objective medical evidence in the record" can constitute "specific and substantial reasons that undermine … credibility." *Morgan v. Comm'r of the Soc. Sec. Admin*, 169 F.3d 595, 600 (9th Cir. 1999). Significantly, however, "subjective pain testimony cannot be rejected on the sole ground that it is not fully corroborated by objective medical evidence." *Rollins v. Massanari*, 261 F.3d 853, 857 (9th Cir. 2001); *see also Burch v. Barnhart*, 400 F.3d 676, 681 (9th Cir. 2005) ("Although lack of medical evidence cannot form the sole basis for discounting pain testimony, it is a factor that the ALJ can consider in his credibility analysis."); SSR 96-7p, 1996 SSR LEXIS 4, at *2-3 (the ALJ "must consider the entire case record, including the objective medical evidence" in determining credibility, but statements "may not be disregarded solely because they are not substantiated by objective medical

evidence").

The only reason identified by the ALJ for rejecting Plaintiff's statements concerning the severity of his pain was a conflict with the objective evidence, finding Plaintiff's "musculoskeletal impairments have been generally been corrected with surgery." (Doc. 8-14 at 33)  Because the medical record was the *only* basis identified by the ALJ for discrediting portions of Plaintiff's testimony, the ALJ erred in evaluating Plaintiff's subjective complaints. *See Rollins*, 261 F.3d at 857; *Burch*, 400 F.3d at 681; *see also Cotton v. Bowen,* 799 F.2d 1403, 1407 (9th Cir. 1986) ("it is improper as a matter of law to discredit excess pain testimony solely on the ground that it is not fully corroborated by objective medical findings").

Moreover, the ALJ failed to cite any evidence in the record, such as the opinions of a physician, to support her conclusion that Plaintiff's impairments were "corrected with surgery." (*See* Doc. 8-14 at 33) The ALJ acknowledged that Plaintiff's severe impairments included lumbar degenerative joint disease and bilateral hip bursitis, yet Plaintiff only had surgery on one knee. (*See id.* at 26) Consequently, the Court cannot find the objective record supports the ALJ's decision to give less weight to portions of Plaintiff's testimony. *See Lester v. Chater,* 81 F.3d 821, 834 (9th Cir. 1995) ("the ALJ must identify … what evidence undermines the claimant's complaints").

**B.     Obligation to Call a Medical Expert**

Plaintiff contends that the ALJ failed to fulfill his responsibilities related to determining his disability onset date because the ALJ failed to call a medical expert at the hearing. (Doc. 13 at 13-15) As explained by under Social Security Ruling ("SSR") 83-20,

> In disabilities of nontraumatic origin, the determination of onset involves consideration of the applicant's allegations, work history, if any, and the medical and other evidence concerning impairment severity. The weight to be given any of the relevant evidence depends on the individual case.
> . . .
> Medical reports containing descriptions of examinations or treatment of the individual are basic to the determination of the onset of disability. The medical evidence serves as the primary element in the onset determination.
> . . .
> With slowly progressive impairments, it is sometimes impossible to obtain medical evidence establishing the precise date an impairment became disabling … In such cases, it will be necessary to infer the onset date from the medical and other evidence that describe the history and symptomatology of the disease process.
> . . .
> In some cases, it may be possible, based on the medical evidence to reasonably infer that the onset of a disabling impairment(s) occurred some time prior to the date of the

> first recorded medical examination, e.g., the date the claimant stopped working. How long the disease may be determined to have existed at a disabling level of severity depends on the informed judgment of the facts in the particular case. *This judgment, however, must have a legitimate medical basis. At the hearing, the administrative law judge (ALJ) should call on the services of a medical advisor when onset must be inferred.*

1983 SSR LEXIS 25, 1983 WL 31249 (emphasis added); *see also Morgan v. Sullivan,* 945 F.2d 1079, 1082 (9th Cir. 1991) (same).

Based upon SSR 83-20, the Ninth Circuit determined "that where a record is ambiguous as to the onset date of disability, the ALJ must call a medical expert to assist in determining the onset date." *See Armstrong v. Comm'r of the Soc. Sec. Admin.*, 160 F.3d 587, 590 (9th Cir. 1998) (citing *DeLorme v. Sullivan*, 924 F.2d 841, 848 (9th Cir. 1990)); *see also Morgan v. Sullivan,* 945 F.2d 1079, 1082 (9th Cir. 1991) (finding an ALJ's inference regarding the onset date "is not possible without the assistance of a medical expert," and the determination of a disability onset date "cannot stand" without "the assistance of a medical advisor pursuant to SSR 83-20"). For example, in *Armstrong*, "the record demonstrate[d] that Armstrong suffered from various impairments," and also showed a deterioration in his condition. *Id*, 160 F.3d at 590. Though the medical record was "ambiguous" as to "when those impairments became disabling," the ALJ did not call a medical expert. *Id.* As a result, the Court concluded the matter should be "remanded to the ALJ with [an] instruction to call a medical expert to determine when Armstrong became disabled." *Id.* at 591.

The ALJ found Plaintiff was disabled beginning December 22, 2015 "based upon the MRI[] in December 2015 confirming chondral labral separation and mild bilateral trochanteric bursitis." (Doc. 8-14 at 34, citing Exh. 24F, p.1 [Doc. 8-19 at 2]) Importantly, however, the ALJ fails to show the medical evidence is definite as to the disability date of December 22, 2015. Indeed, several months before the MRI was taken, Plaintiff's physician noted that Plaintiff was complaining of "left hip pain that is getting worse" and ordered imaging in September 2015. (Doc. 8-20 at 8-9; Doc. 8-19 at 8) Nevertheless, the ALJ merely assumed the onset date was the same date as the MRI was taken (*see id*.) without considering when Plaintiff began showing symptoms of his left hip impairment, or seeking a medical expert to determine when the impairments became disabling.

The ALJ's reliance on her own examination of the record does not establish a "legitimate

medical basis" for the onset date, as required by SSR 83-20. As discussed above, the Ninth Circuit has determined SSR 83-20 *requires* a medical advisor if the "medical evidence is not definite concerning the onset date and medical inferences need to be made." *Delorme*, 924 F.2d at 848; *Morgan*, 945 F.2d at 1082-83 ("the ALJ should determine the date based on an informed inference ... [which] is not possible without the assistance of a medical expert"); *see also Quarles v. Barnhart,* 178 F. Supp. 2d 1089, 1097 (N.D. Cal. 2001) ("the ALJ *must* consult a medical expert before determining the onset date…regardless of how careful and well-supported the ALJ's inference may be"). Accordingly, the Court finds the ALJ erred by inferring a disability onset date without the assistance of medical expert testimony.

## C.    Remand is Appropriate

The decision whether to remand a matter pursuant to sentence four of 42 U.S.C. § 405(g) or to order immediate payment of benefits is within the discretion of the district court. *Harman v. Apfel*, 211 F.3d 1172, 1178 (9th Cir. 2000). Except in rare instances, when a court reverses an administrative agency determination, the proper course is to remand to the agency for additional investigation or explanation. *Moisa v. Barnhart*, 367 F.3d 882, 886 (9th Cir. 2004) (citing *INS v. Ventura*, 537 U.S. 12, 16 (2002)). Generally, an award of benefits is directed when:

> (1) the ALJ has failed to provide legally sufficient reasons for rejecting such evidence, (2) there are no outstanding issues that must be resolved before a determination of disability can be made, and (3) it is clear from the record that the ALJ would be required to find the claimant disabled were such evidence credited.

*Smolen v*, 80 F.3d at 1292. In addition, an award of benefits is directed where no useful purpose would be served by further administrative proceedings, or where the record is fully developed. *Varney v. Sec'y of Health & Human Serv.*, 859 F.2d 1396, 1399 (9th Cir. 1988).

Courts retain flexibility in crediting testimony as true. *Connett v. Barnhart*, 340 F.3d 871, 876 (9th Cir. 2003) (remanding for further determinations where there were insufficient findings as to whether the plaintiff's testimony should be credited as true). A remand for further proceedings regarding the credibility of a claimant is an appropriate remedy. *See, e.g., Bunnell*, 947 F.2d at 348 (affirming the district court's order remanding for further proceedings where the ALJ failed to explain with sufficient specificity the basis for rejecting the claimant's testimony); *Byrnes v. Shalala*, 60 F.3d

639, 642 (9th Cir. 1995) (remanding the case "for further proceedings evaluating the credibility of [the claimant's] subjective complaints . . ."). Thus, the Court finds remand is appropriate for an ALJ to clarify the extent to which Plaintiff's testimony was rejected and legally sufficient grounds to support the decision.

Further, ALJ's determination of the disability onset date, without the assistance of a medical expert, violated SSR 83-20 and controlling Ninth Circuit precedent. *See also Delorme*, 924 F.2d at 848; *Morgan*, 945 F.2d at 1082-83. Moreover, this error of the ALJ was not harmless as it was not "inconsequential to the ultimate nondisability determination." *Molina v. Astrue*, 674 F.3d 1104, 1115 (9th Cir. 2012). On remand, the ALJ should call a medical expert to determine the onset date of Plaintiff's disability.

## CONCLUSION AND ORDER

For the reasons set for above, the Court finds the ALJ erred in evaluating the record related to the severity of Plaintiff's impairments and his disability onset date. Consequently, the ALJ's decision cannot be upheld by the Court. *See Sanchez*, 812 F.2d at 510; *Perez*, 958 F.2d at 446. Accordingly, the Court **ORDERS**:

1. The matter is **REMANDED** pursuant to sentence four of 42 U.S.C. § 405(g) for further proceedings consistent with this decision; and
2. The Clerk of Court is **DIRECTED** to enter judgment in favor of Plaintiff David Maldonado Urrabazo, and against Defendant, the Commissioner of Social Security.

IT IS SO ORDERED.

Dated:   **May 11, 2020**                    /s/ Jennifer L. Thurston
　　　　　　　　　　　　　　　　　　　UNITED STATES MAGISTRATE JUDGE