1

2

3

4

5

6

7

8                      **UNITED STATES DISTRICT COURT**

9                      **EASTERN DISTRICT OF CALIFORNIA**

10

11  DAVID MALDONADO URRABAZO,           )   Case No.: 1:19-cv-0248 JLT
                                        )
12              Plaintiff,              )   ORDER GRANTING COUNSEL'S MOTION
                                        )   FOR ATTORNEY FEES PURSUANT TO
13        v.                            )   42 U.S.C. § 406(b)
                                        )
14  KILOLO KIJAKAZI[1],                 )   (Doc. 25)
    Acting Commissioner of Social Security, )
15                                      )
                Defendant.              )
16  _____)

17        Young Cho, counsel for Plaintiff David Maldonado Urrabazo, seeks an award of attorney fees

18  in the amount of $22,000.00 pursuant to 42 U.S.C. § 406(b).  (Doc. 25.)  Neither Plaintiff nor the

19  Commissioner of Social Security have opposed the motion.  For the following reasons, the motion for

20  attorney fees is **GRANTED**.

21  **I.        Relevant Background**

22        Plaintiff entered into a "Social Security Representation Agreement" with the Law Offices of

23  Lawrence D. Rohlfing on February 19, 2019.  (Doc. 25-1 at 1.)  In the agreement, Plaintiff indicated

24  that if he was awarded benefits after judicial review and remand for further proceedings, the Law

25  Offices of Lawrence D. Rohlfing was authorized to seek fees under the Equal Access to Justice Act in

26

27        [1] This action was originally filed against Andrew Saul in his capacity as the Commissioner of Social Security.
    (*See* Doc. 1 at 1.) The Court has substituted Kilolo Kijakazi, who has since been appointed the Acting Commissioner of
28  Social Security, as the defendant. *See* Fed. R. Civ. P. 25(d).

an amount up to "25% of the past due benefits awarded." (*Id*.)  The agreement also indicated counsel could seek fees for work done before the Court prior to remand, and any amount awarded would be reimbursed to Plaintiff if fees were also paid from the past due benefits.  (*Id.*)

On February 20, 2019, Plaintiff filed a complaint for review of the partially favorable administrative decision regarding his application for Social Security benefits.  (Doc. 1.)  The Court found the administrative law judge failed to apply the proper legal standards in evaluating the credibility of Plaintiff's subjective complaints and erred in the determination of Plaintiff's disability onset date.  (Doc. 21 at 5-11.)  Thus, the Court remanded the matter for further proceedings pursuant to sentence four of 42 U.S.C. § 405(g) on May 11, 2020.  (*Id.* at 11.)  Following the entry of judgment in favor of Plaintiff, the Court awarded $4,200.00 in attorney fees pursuant to the Equal Access to Justice Act.  (Doc. 23; Doc. 24 at 1.)

Upon remand, an ALJ determined Plaintiff was disabled beginning September 11, 2010, and issued a fully favorable decision on April 13, 2021.  (Doc. 25-2 at 1-9.)  The Administration found Plaintiff was entitled to benefits beginning in March 2011, and was owed past-due benefits in the total amount of $129,226.00.  (Doc. 25-3 at 1; Doc. 25 at 3.)  From this total, the Administration withheld $32,306.50 for the payment of attorney fees.  (Doc. 25-3 at 3.)

Counsel filed the motion now before the Court on July 22, 2021, seeking fees in the amount of $22,000.00.  (Doc. 25.)  However, Mr. Cho notes the net fee to Plaintiff is $17,800.00, due to the amount previously approved under the EAJA.  (*Id.* at 1.)  Plaintiff was served with the motion by U.S. mail on July 22, 2021, and notified that he may oppose the motion in writing within fourteen days of the date of service.  (*Id.* at 2, 14.)  To date, Plaintiff has not filed an opposition, or otherwise responded to the motion for fees.

## II.      Attorney Fees under § 406(b)

An attorney may seek an award of fees for representation of a Social Security claimant who is awarded benefits:

> Whenever a court renders a judgment favorable to a claimant under [42 USC § 401, *et seq*] who was represented before the court by an attorney, the court may determine and allow as part of its judgment a reasonable fee for such representation, not in excess of 25 percent of the total of the past-due benefits to which the claimant is entitled by reason of such judgment. . . .

42 U.S.C. § 406(b)(1)(A); *see also Gisbrecht v. Barnhart*, 535 U.S. 789, 794 (2002) (Section 406(b) controls fees awarded for representation of Social Security claimants).

As the Ninth Circuit observed, "virtually all attorneys charge a contingency fee" in Social Security cases. *Crawford v. Astrue*, 586. F.3d 1142, 1155 (9th Cir. 2009).  District courts "have been deferential to the terms of contingency fee contracts § 406(b) cases." *Hern v. Barnhart*, 262 F.Supp.2d 1033, 1037 (N.D. Cal. 2003).  Nevertheless, the Court must review contingent-fee arrangements "as an independent check, to assure that they yield reasonable results in particular cases." *Gisbrecht*, 535 U.S. at 807.  A contingency fee agreement is unenforceable if it provides for fees exceeding the statutory amount of 25 percent. *Id.* ("Congress has provided one boundary line: Agreements are unenforceable to the extent that they provide for fees exceeding 25 percent of the past-due benefits."); *see also Crawford*, 586. F.3d at 1155 ("42 U.S.C. § 406(b) sets the maximum percentage that may be charged for representing a claimant in district court at 25 percent of past benefits recovered).

## III.    Discussion and Analysis

In evaluating a fee requested pursuant to a contingency agreement, the Court should consider "the character of the representation and the results the representative achieved." *Gisbrecht*, 535 U.S. at 808.  In addition, the Court should consider whether the attorney performed in a substandard manner or engaged in dilatory conduct or excessive delays, and whether the fees are "excessively large in relation to the benefits received." *Crawford*, 586 F.3d at 1149.

Plaintiff entered into the contingent fee agreement in which he agreed to pay twenty-five percent of any awarded past-due benefits. (Doc. 25-1 at 1.)  Counsel accepted the risk of loss in the representation and expended a total of 22.4 hours while representing Plaintiff before the District Court. (Doc. 25 at 12, Cho Decl. ¶ 5; Doc. 25-4 at 1-2.)  Tasks undertaken included reviewing the administrative record, which was more than 1,100 pages; legal research regarding the issues presented; and preparation of the complaint, confidential letter brief, and opening brief.  (*See* Doc. 25-4 at 1-2.) Due to counsel's work, the action was remanded further proceedings, and Plaintiff received a fully favorable decision from the Social Security Administration.  For this, Mr. Cho requests a fee of $22,000.00, which is approximately 17% of the past-due benefits owed to Plaintiff.  (Doc. 25 at 4.) Because Mr. Cho requests that the Court deduct the amount previously approved under the EAJA, the

3

net cost to Plaintiff is $17,800.00.  (*Id.* at 10.)  Finally, although served with the motion (*id.* at 14), Plaintiff did not oppose the request and thereby indicates an implicit belief that the total amount requested for attorney fees is reasonable.

Significantly, there is no indication that counsel performed in a substandard manner or engaged in severe dilatory conduct.  Plaintiff was able to secure a remand for payment of benefits following the appeal, including an award of past-due benefits beginning March 2011.  (*See* Doc. 25-3 at 1.)  Finally, the fees requested do not exceed twenty-five percent maximum permitted under 42 U.S.C. §406(b) or the amount agreed upon by counsel and Plaintiff.  (*See* Doc. 25-1 at 1.)

## IV.    Conclusion and Order

Based upon the tasks completed and results achieved following the remand for further proceedings, the Court finds the fees sought by Mr. Cho and the Law Offices of Lawrence D. Rohfling are reasonable.  Accordingly, the Court **ORDERS**:

1.    Counsel's motion for attorney fees pursuant to 24 U.S.C. §406(b) (Doc. 25) is **GRANTED**;

2.    The Commissioner **SHALL** pay $22,000.00 directly to Counsel, and the Law Offices of Lawrence D. Rohfling are reasonable, out of the funds being withheld;

3.    Any remaining funds being held by the Administration **SHALL** be released to Plaintiff David Maldonado Urrabazo; and

4.    Once payment is received for the fees awarded under the EAJA and Section 406(b), counsel SHALL refund $4,200.00 to Plaintiff.

IT IS SO ORDERED.

Dated:   __**August 18, 2021**__          _____ **/s/ Jennifer L. Thurston**
                                        CHIEF UNITED STATES MAGISTRATE JUDGE

4